UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTIN ALLEN HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:23-cv-00006-SRC |
| v. | ) |
| | ) |
| KARL GLASCOCK, et al., | ) |
| | ) |
| Defendants. | ) |

**Memorandum and Order**

This matter is before the Court upon the motion of plaintiff Dustin Allen Hayes, a prisoner, for leave to commence this action without prepayment of the civil filing fee. Doc. 2. Upon review of the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.70. Plaintiff has also filed a motion seeking the appointment of counsel. Doc. 3. Upon review, the Court has determined to deny the motion, without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28

1

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Along with the instant motion, Plaintiff submitted a certified inmate account statement for the six-month period immediately preceding the filing of the complaint. Doc. 1-1 at 2-4. According to the statement, Plaintiff's average monthly deposit was $8.50, and he has insufficient funds in his account to pay the entire filing fee. The Court will therefore assess an initial partial filing fee of $1.70, which is twenty percent of Plaintiff's average monthly deposit.

### Motion to Appoint Counsel

In this motion, Plaintiff asks the Court to appoint counsel to represent him in this action. Doc. 3. The Court denies the motion, without prejudice. Plaintiff has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

Upon review of the complaint and Plaintiff's other filings in this matter, the Court finds no indication that Plaintiff is incapable of representing himself. To the contrary, Plaintiff has

demonstrated that he is well able to present his claims and supporting allegations to the Court. Additionally, there is no indication that the factual or legal issues are sufficiently complex to justify the appointment of counsel. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly, the Court grants Plaintiff's motion seeking leave to commence this action without prepaying fees or costs, Doc. 2.

The Court further orders that, within thirty (30) days of the date of this order, plaintiff must pay an initial partial filing fee of $1.70. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

The Court denies, without prejudice, Plaintiff's motion to appoint counsel, Doc. 3.

Dated this 23rd day of February, 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE