UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTIN ALLEN HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:23-cv-00006-SRC |
| v. | ) |
| | ) |
| KARL GLASCOCK, et al., | ) |
| | ) |
| Defendants. | ) |

### Memorandum and Order

This prisoner-civil-rights case is before the Court upon review of Plaintiff Dustin Allen Hayes's motion to consolidate this action with *Hayes v. Glascock, et al.,* No. 4:23-cv-00007-HEA (E.D. Mo. 2023) (*Hayes II*). Doc. 4. The Court has reviewed the motion, and grants it to the extent Plaintiff seeks the consolidation of the actions. Additionally, the Court gives Plaintiff the opportunity to file an amended complaint, and denies his later-filed motion as duplicative.

In support of his request to consolidate this action and *Hayes II*, Plaintiff avers the actions "are directly related in nature because the suits are on the same person and same county," and "the only difference is that the incidents happened on two separate days." Doc. 4 at p. 1. At the time Plaintiff filed the motion, he had yet to file the notice required by Rule 4.03 of this Court's Local Rules. Plaintiff has since done so, and the Court now considers his request to consolidate *Hayes II* and this action.

Plaintiff instituted the instant action on January 3, 2023, by filing a complaint against the Gasconade County Sheriff's Office, and Gasconade County Sheriff's Deputy Karl Glascock. He asserts an excessive force claim against Glascock that arises from a March 26, 2022, incident in which Glascock shot him with a taser without justification. He claims the Gasconade County

Sheriff's Office is liable because Glascock had "prior incidents inside the county dealing with excessive force and brutality." Doc. 1 at p. 6.

Also on January 3, 2022, Plaintiff instituted *Hayes II* by filing a complaint against the same defendants. He asserts an excessive force claim against Glascock that arises from a July 11, 2022, incident in which Glascock beat him while he was handcuffed. Upon initial review, the Honorable Stephen N. Limbaugh, Jr. dismissed the Gasconade County Sheriff's Office and Plaintiff's official capacity claims against Glascock, and determined that Plaintiff's allegations against Glascock in his individual capacity survived initial review. Judge Limbaugh, Jr. ordered Glascock served with process at the Gasconade County Sheriff's Office, the address Plaintiff provided.[1]

Rule 42(a) of the Federal Rules of Civil Procedure provides, in relevant part, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." The situation before the Court is one in which Plaintiff simultaneously filed two complaints against the same Defendants to claim he was subjected to excessive force. While the events giving rise to Plaintiff's claims occurred on different days, the actions clearly involve common questions of law and fact. Additionally, the Court believes that consolidation will eliminate unnecessary costs and repetition, and will promote judicial efficiency. There is no basis to conclude that consolidation would result in prejudice or possible confusion. The Court therefore concludes that consolidation is warranted, grants the motion to the extent Plaintiff seeks the consolidation of this action and *Hayes II,* and orders the cases consolidated.

---

[1] On February 1, 2023, summons was returned unexecuted with the notation that Glascock no longer worked there.

Plaintiff also indicates he wishes to amend his complaint, and provides supplemental information he wants added to the original complaint. *See* Doc. 4. As previously determined, Plaintiff cannot amend the complaint by filing supplemental material. *See* Doc. 5. However, the Court gives Plaintiff the opportunity to file an amended complaint to clearly set forth the claims he wishes to assert in this action now that it and *Hayes II* are consolidated.

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he sues individual defendants in an individual capacity, an official capacity, or both.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a

3

single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is reminded that he must avoid attempting to amend a complaint by filing separate documents. Instead, Plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). The amended complaint will be subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Duplicative Motion**

On February 7, 2023, Plaintiff filed a motion in which he repeats his request for consolidation of this action and *Hayes II*, and he also repeats an earlier request for the appointment of counsel. Doc. 6. In a separate order, this Court denied without prejudice Plaintiff's first motion to appoint counsel, and the instant motion contains nothing from which the Court can conclude that the appointment of counsel is now warranted. Additionally, as set forth above, the Court has determined that consolidation is warranted, and the instant motion contains nothing impacting that determination. The Court therefore denies the motion as duplicative. Plaintiff is cautioned to avoid the practice of filing duplicative motions in the future, as doing so can be construed as an abuse of the judicial process and an attempt to waste the Court's resources.

Accordingly, the Court grants Plaintiff's motion to consolidate, Doc. 4, to the extent he seeks to consolidate *Hayes II* and this action.

The Court orders that *Hayes v. Glascock, et al.,* No. 4:23-cv-00007-HEA be administratively closed and consolidated with this case. The Court directs Hayes to file all future documents in this case.

The Court further denies Plaintiff's motion, Doc. 6, as duplicative.

The Court directs the Clerk to mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

Finally, the Court orders that, within thirty (30) days of the date of this order, Plaintiff must file an amended complaint in accordance with the instructions herein. **Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice**

5

**and without further notice.**

        Dated this 23rd day of February, 2023.

                                             */s/ Stephen R. Clark*
                                      STEPHEN R. CLARK
                                      CHIEF UNITED STATES DISTRICT JUDGE