UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTIN ALLEN HAYES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00006-SRC |
| KARL GLASCOCK, et al., | ) ) ) |
| Defendants. | ) |

## Memorandum and Order

This matter is before the Court upon review of Plaintiff Dustin Allen Hayes's Amended Complaint, Doc. 12, and Defendant Karl Glascock's motion titled "Defendant Karl Glascock's Motion for Partial Dismissal of Plaintiff's Complaint for Violation of Civil Rights." Doc. 16. As an initial matter, the Court notes the following background.

Plaintiff is a prisoner proceeding *in forma pauperis*. He instituted this 42 U.S.C. § 1983 action on January 3, 2023, by filing a complaint against the Gasconade County Sheriff's Office, and Gasconade County Sheriff's Deputy Karl Glascock. In the complaint, he asserted an excessive-force claim against Glascock that arose from a March 2022 incident. On that same date, Plaintiff instituted a second § 1983 action against the same defendants. *See Hayes v. Glascock, et al.*, No. 4:23-cv-00007 (E.D. Mo. 2023) (*Hayes II*). In the complaint, he asserted an excessive-force claim against Glascock that arose from a July 2022 incident.

Plaintiff subsequently moved to consolidate *Hayes II* and this action, and he indicated an intent to amend his complaint. In a Memorandum and Order dated February 23, 2023, the Court granted Plaintiff's motion and ordered the cases consolidated, and directed Plaintiff to file an amended complaint. The Court gave Plaintiff specific instructions about how to prepare the

amended complaint, emphasized the importance of alleging specific facts in support of his claims, and noted that the amended complaint would be subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff filed the Amended Complaint on March 10, 2023.  On April 11, 2023, before this Court had the opportunity to conduct initial review, counsel for Defendant Karl Glascock entered his appearance, filed an answer to the original complaint, and filed a motion titled "Defendant Karl Glascock's Motion for Partial Dismissal of Plaintiff's Complaint for Violation of Civil Rights."  Doc. 16.  It appears the motion is directed to the original complaint.  Plaintiff has filed an untimely response in which he argues that the motion should be denied.  For the reasons explained below, the Court partially dismisses the Amended Complaint, orders that Gasconade County be added as a defendant and served with process, denies as moot Glascock's motion to dismiss, and directs him to respond to the Amended Complaint.

**Legal Standard on Initial Review**

This Court must review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a

2

right to relief above the speculative level." *Twombly,* 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.  The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914–15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff filed the Amended Complaint pursuant to 42 U.S.C. § 1983 against Glascock, and the Gasconade County Sheriff's Office.[1]  Plaintiff sues Glascock in his official and individual capacity.  Plaintiff's claims arise from incidents that occurred on March 26, 2022, and July 11, 2022.  Plaintiff sets forth his allegations against Glascock as follows.

---

[1] Plaintiff alternately refers to this Defendant as the Gasconade County Sheriff's Department.

3

On March 26, 2022, Plaintiff parked in his driveway and exited his vehicle, and Glascock pulled in behind him. He ordered Plaintiff to lie face down on the ground, which was muddy. When Plaintiff failed to quickly comply, Glascock ordered him to turn away and begin walking backwards towards him, and Plaintiff complied. Glascock then again ordered Plaintiff to lie face down, and when Plaintiff failed to quickly comply, Glascock shot him in the back with a taser. Plaintiff states he was "kneed in the []neck in the back and restraints w[]ere applied," and he was placed in Glascock's patrol car. Doc. 12 at p. 4. Plaintiff was taken to the Osage County Jail. Approximately 15 hours later, jail staff told Plaintiff that Glascock said Plaintiff was free to leave, and no charges would be filed.

On July 11, 2022, Plaintiff was arrested "for an alleged criminal charge by . . . Glascock" and taken to the police station in Bland, Missouri. *Id.* at p. 6. As Plaintiff entered the station, Glascock began taunting him. Plaintiff "attempted to end communication at this point," which caused Glascock to "attack" him by grabbing his arm and punching his face six to ten times. *Id.* When Plaintiff tried to get away, Glascock kicked him in the back, put his knee on his back and neck, and dragged him "across the concrete to be placed in the Police car." *Id.* at 8. Plaintiff was taken to the Osage County Jail, and charged with resisting arrest and damaging property. Plaintiff also states, in a conclusory manner, that Glascock retaliated against him and showed prejudice to him because he was a "Hells Angel," in violation of his "freedom of Religion, freedom of speech as well as my freedom/Right to ass[e]mble." *Id.*

Next, Plaintiff can be understood to bring claims against Gasconade County, pursuant to *Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658 (1978). He alleges that Gasconade County hires officers without conducting background checks, maintains the employment of officers who have used excessive force, and deliberately fails to adequately train

4

and supervise its employees.  He alleges that Glascock was a County employee who was known to have "had issues in the past," but "the County" kept him employed, and he was therefore able to violate Plaintiff's constitutional rights.  Doc. 12 at p. 10.  Plaintiff writes:  "The continuation of Glascock[']s employ has set official custom and policy for Gasconade County Sheriff's Department."  *Id.* at 11.  Plaintiff also lists other allegedly unlawful customs and policies.

The Amended Complaint includes a section titled "State of Missouri Laws and Statute violations."  *Id.* at 24.  In this section, Plaintiff provides a long list of citations to Missouri statutes, most of which relate to crime and criminal procedure.  Plaintiff also cites Missouri regulations.  He defines some of them by writing "assault," "powers of arrest," "codes of conduct," and "oath of office."  *Id.*  However, he does not clearly explain how any cited statute relates to a claim he can be understood to bring, nor does he include allegations evidencing an intent to bring a claim under Missouri tort law.  *Id.*  Plaintiff also provides a confusing "memorandum in support of motion" that cannot be construed as setting forth any viable claim.  *See id.* at 25.  Plaintiff seeks monetary relief.[2]

## Discussion

In the Amended Complaint, Plaintiff names the Gasconade County Sheriff's Office as a defendant.  However, the Gasconade County Sheriff's Office is a municipal department of Gasconade County, not an independent entity that can be sued under § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (Entities such as police departments are "not juridical entities suable as such.  They are simply departments or subdivisions of the

---

[2] Plaintiff also seeks release from confinement, and dismissal of criminal charges,  However, such relief is not available in an action brought pursuant to 42 U.S.C. § 1983.  Plaintiff seeks other relief as well, including "an original certificate of live berth [*sic*] issued from United States Treasury Dept.," "full emancipation from any existing or pre existing secured interest holders," "the real property and assets in total financial worth be given to me of both person and country," and restoration of his sovereignty.  These requests for relief are nonsensical, and will not be considered.

5

City government."); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed. App'x 436, 437 (8th Cir. 2001) (Sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983.). The Court therefore dismisses the Gasconade County Sheriff's Office from this action.

Plaintiff can, however, directly sue Gasconade County under 42 U.S.C. § 1983. *See Monell,* 436 U.S. 658. To prevail on this type of claim, a plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb*., 813 F.3d 1070, 1075 (8th Cir. 2016) (citing *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). Such liability may attach if the constitutional violation "resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoting *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016)); *see Marsh v. Phelps Cnty*., 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

In the Amended Complaint, Plaintiff states an intent to proceed against Gasconade County, he states he intends to bring claims pursuant to *Monell*, and he sets forth sufficient facts to state a claim of municipal liability against Gasconade County. Having thoroughly reviewed and liberally construed the Amended Complaint, the Court concludes that Plaintiff has sufficiently stated a municipal-liability claim against Gasconade County, and directs the Clerk to add Gasconade County as a defendant in this action.

The Court now addresses Plaintiff's individual-capacity claims against Glascock. Plaintiff can be understood to claim that Glascock subjected him to excessive force, in violation of his rights secured by the Fourth Amendment. "The Fourth Amendment protects citizens from

6

being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018) (quoting *Metler v. Whitledge*, 165 F.3d 1197, 1202 (8th Cir. 1999)).  When, as here, excessive force claims arise in the context of an arrest or investigatory stop, they are most properly characterized as invoking the Fourth Amendment. *Chambers v. Pennycook*, 641 F.3d 898, 905 (8th Cir. 2011) (citations omitted).  An alleged Fourth Amendment violation is sufficient to support an action under § 1983.  *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions are "'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).  Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018) (quoting *Graham*, 490 U.S. at 396).  Having thoroughly reviewed and liberally construed the Amended Complaint, the Court concludes that Plaintiff has alleged sufficient facts to permit the inference that Glascock's actions were objectively unreasonable.  The Court therefore requires Glascock to respond to the Amended Complaint.

As noted above, Plaintiff also alleges, in a conclusory manner, that Glascock violated his First Amendment rights.  At best, Plaintiff's statements are the type of "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, and that this Court is not required to presume true.  *Iqbal*,

7

556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In its February 23, 2023, Memorandum and Order, the Court advised Plaintiff of the importance of alleging facts in support of his claims.  The Court will not supply additional facts, or construct a legal theory for Plaintiff that assumes facts that have not been pleaded.  *See Stone*, 364 F.3d at 914.  Therefore, to the extent the Amended Complaint asserts First-Amendment claims against Glascock, the Court dismisses such claims.

As noted above, the Amended Complaint cites Missouri regulations, and it contains a list of citations to Missouri statutes, most of which relate to crimes and criminal procedure.  *See* Doc. 12 at p. 24.  Plaintiff does not clearly identify a relationship between the cited material and any viable claim.  Plaintiff also refers to "Missouri RSMO statutes in Range of 537.000 up to 537.550 as well as 71.185 in reference to Insurance protection and Tort suits and immunity."  Doc. 12 at p. 9.  However, Plaintiff makes no clear attempt to set forth any particular claim pursuant to Missouri tort law.

To the extent Plaintiff seeks to assert claims under the cited and referenced statutes and regulations, either pursuant to 42 U.S.C. § 1983 or independently, such claims fail.  To state a claim under § 1983, a plaintiff must establish, *inter alia*, the violation of a right secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Additionally, Plaintiff cannot state actionable claims by providing a laundry list of statutes and regulations, or by referring to a range of Missouri statutes.  In its February 23, 2023, Memorandum and Order, the Court advised Plaintiff of the importance of alleging facts in support of his claims.  This Court will not analyze each statute on a list or within a range and attempt to piece together a claim for Plaintiff.  *See Stone*, 364 F.3d at 914.

Plaintiff has also provided a confusing "memorandum in support of motion." Doc. 12 at p. 25. In the memorandum, Plaintiff appears to contemplate criminal charges being brought against others. To the extent Plaintiff has cited Missouri criminal statutes and provided the referenced memorandum in an effort to compel the criminal prosecution of Glascock and/or another person, such claims fail. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Parkhurst v. Tabor*, 569 F.3d 861, 865–67 (8th Cir. 2009) (Crime victims lack standing to compel a criminal prosecution.); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation.").

The Court now turns to Plaintiff's official-capacity claims against Glascock. A suit against a public official in his official capacity is actually a suit against his public employer. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Thus, the real party in interest is Glascock's public employer, Gasconade County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." (quoting *Kentucky*, 473 U.S. at 165)); *Kelly*, 813 F.3d at 1075 (A plaintiff who sues a public employee in his official capacity sues only the public employer.). As noted above, the Amended Complaint adequately states a claim against Gasconade County. The Court will therefore require Glascock to respond to the Amended Complaint.

The Court now addresses Glascock's motion to dismiss. As noted above, the motion appears directed to the original complaint. It does not seek the dismissal of the excessive-force or official-capacity claims against Glascock that are set forth in the Amended Complaint, nor

9

does it assert that the Amended Complaint fails to state a municipal liability claim against Gasconade County. In the motion, Glascock does correctly aver that 42 U.S.C. § 1983 claims cannot be premised upon violations of state law and regulations. As noted above, the Court dismisses such claims from the Amended Complaint. For these reasons, the Court denies the motion as moot.

Accordingly, the Court dismisses Gasconade County Sheriff's Office from this action, without prejudice. A separate order of partial dismissal will be entered herewith.

The Court directs the Clerk of Court to add Gasconade County as a defendant in this case and to issue process upon the Amended Complaint as to Gasconade County by issuance of summons and service by the U.S. Marshals Service upon the Clerk of the County Commission, 119 E. First Street, Hermann, Missouri 65041.

To the extent the Amended Complaint asserts 42 U.S.C. § 1983 claims premised upon the First Amendment, or asserts 42 U.S.C. § 1983 claims or independent claims premised upon Missouri state law or regulations, the Court dismisses those claims without prejudice. A separate order of partial dismissal will be entered herewith.

The Court further denies as moot Defendant Karl Glascock's Motion for Partial Dismissal of Plaintiff's Complaint for Violation of Civil Rights. Doc. 16.

Within **fourteen days** of the date of this Order, defendant Karl Glascock must respond to the Amended Complaint.

The Court certifies that an appeal from this partial dismissal would not be taken in good faith.

Dated this 27th day of June 2023.

                                                   _/s/ SLR. CL_____
                                                   STEPHEN R. CLARK
                                                   CHIEF UNITED STATES DISTRICT JUDGE